# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JILLONE MARIE WALKER,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. C 13-3021-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on April 3, 2014 (docket no. 16). In the R&R, Judge Strand recommends that I reverse a decision by the Commissioner of Social Security (the Commissioner) denying Plaintiff Jillone Walker (Walker) supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and that I remand this case for further proceedings. Both the Commissioner and Walker have timely filed objections to the R&R (docket nos. 17 and 18). For the reasons discussed below, I adopt the recommendations in the R&R, reverse the Commissioner's decision, and remand this case for further proceedings.

I review *de novo* the portions of the R&R to which the parties object. 28 U.S.C. § 636(b)(1). The Commissioner objects to Judge Strand's conclusion that *Nevland v. Apfel*, 204 F.3d 853 (8th Cir. 2000), compels remand because "there is simply no medical evidence as to how Walker's migraines affect her ability to function" (docket no. 16, at 15). Walker agrees with Judge Strand's conclusion, but objects to the scope of the remand, arguing that that ALJ should not be required to re-evaluate whether Walker's headaches are a "severe" impairment, as the ALJ previously concluded.

The parties' objections turn on whether *Nevland* compels remand when applied to the facts of this case. In *Nevland*, the Eighth Circuit Court of Appeals noted "that it is the duty of the ALJ to fully and fairly develop the record, even when, as in this case, the claimant is represented by counsel." 204 F.3d at 857 (citing *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). The ALJ's duty to develop the record is independent of the claimant's burden of proof. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). The court in *Nevland* held that the ALJ failed to properly develop the record before finding, at Step 5, that a claimant was not disabled. 204 F.3d at 858. Importantly, the court in *Nevland* noted that

> there is no *medical* evidence about how [the claimant's] impairments affect his ability to function now. The ALJ relied on the opinions of non-treating, non-examining physicians who reviewed the reports of the treating physicians to form an opinion of [the claimant's] RFC. In our opinion, this does not satisfy the ALJ's duty to fully and fairly develop the record.

*Id*. Based on the lack of medical evidence, the court in *Nevland* remanded the case, holding that "the ALJ should have sought [ ] an opinion from [the claimant's] treating physicians or, in the alternative, ordered consultative examinations, including psychiatric and/or psychological evaluations to assess [the claimant's] mental and physical residual functional capacity." *Id*.

But *Nevland* does not compel remand in every case that lacks a medical opinion from a treating physician. "While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required 'to seek additional clarifying statements from a treating physician *unless a crucial issue is undeveloped*.'" *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (quoting *Stormo*, 377 F.3d at 806) (emphasis added). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient

basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994); *see also Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." (quoting *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994)). A claimant's records need not explicitly discuss work-related limitations, as long as the records describe the claimant's "functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment." *Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007).

The ultimate question, then, is whether a critical issue was underdeveloped here such that the ALJ's decision was not supported by substantial evidence. "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted). "[S]ome medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace[.]" *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001) (quoting *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam); *Nevland*, 204 F.3d at 858) (internal citations and quotation marks omitted). But "the ALJ [is] not limited to considering medical evidence . . . ." *Id.* at 704. Rather, the ALJ must "assess[] a claimant's residual functional capacity based on all relevant evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) (quoting *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000)). Relevant evidence includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson v.*

*Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (internal quotation and citation omitted)).

Based on these standards, I agree with Judge Strand that *Nevland* compels remand in this case. While the ALJ must consider all the record evidence, the ALJ's decision must be based on "some medical evidence" that describes Walker's "ability to function in the workplace," *Lauer*, 245 F.3d at 703-04, and that medical evidence must consist of more than "the opinions of non-treating, non-examining physicians who reviewed the reports of the treating physicians," *Nevland*, 204 F.3d at 858. If the record lacks such "*medical* evidence about how [Walker's] impairments affect [her] ability to function now," then the ALJ did not fulfill his duty to develop the record under *Nevland*. *Id*. Here, the ALJ concluded that Walker's migraines were a "severe" impairment, yet still concluded at Step 5 that Walker was not disabled. The only medical evidence regarding Walker's migraines comprises (1) Walker's treatment records and (2) non-examining, state consultants' opinions based on those records. Under *Nevland*, the consultants' opinions are alone insufficient to support the ALJ's decision. Adding in Walker's treatment records is of little help here because those records do nothing to describe how Walker's migraines do, or might, affect her ability to work. Rather, they are terse summaries of individual treatment sessions that offer no guidance as to how Walker's migraines affect her life and everyday functioning. Thus, remand per the instructions of the R&R is appropriate.

Walker's objection regarding the scope of remand is overruled. If, on remand, the ALJ has occasion to consider new medical evidence regarding Walker's migraines, the ALJ should be free to revisit any prior conclusion that such new evidence might affect. The ALJ is not required to turn a blind eye to the ways in which new evidence might affect old conclusions. Walker cites no authority suggesting otherwise.

**THEREFORE,**

For the reasons discussed above, I adopt the recommendations in the R&R. The Commissioner's decision is reversed, and this case is remanded for further proceedings consistent with the recommendations in the R&R. The Clerk shall enter judgment in favor of Walker and against the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 25th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA